UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREW BARNETT,

                Plaintiff,

      v.

MARK GARTON; JEFF ISHAM;
RICHARD BITTICK; ERICK HEIKILA;
JARED VORHEES; KELVIN LOWE;
JOHN FREY; TIM ARNDT; DANIEL
REESE; CPL. BROOKS; CPT. SMALLEY,

                Defendants.

_____

Case No: 3:23-cv-00537-AA (Lead Case)
Case No: 3:23-cv-00538-AA (Trailing Case)
Case No: 3:23-cv-01125-AA (Trailing Case)
Case No: 3:23-cv-01200-AA (Trailing Case)

**OPINION AND ORDER**

AIKEN, District Judge.

        Plaintiff, an adult in custody previously detained at the Polk County Jail, filed these consolidated actions pursuant to 42 U.S.C. § 1983 and alleged numerous violations of his federal constitutional rights. Defendants now move for dismissal of all claims for failure to prosecute. In turn, Plaintiff seeks to compel discovery responses, to depose each Defendant, and the appointment of counsel. For the following reasons, Defendants' motion is denied with leave to

1 -    **OPINION AND ORDER**

renew if Plaintiff fails to comply with the directives set forth in this Order. Plaintiff's motions are denied.

<u>**DISCUSSION**</u>

Beginning in March 2023, Plaintiff filed numerous lawsuits against Polk County Jail officials arising from his detention and the conditions of his confinement. Plaintiff was allowed to proceed in four cases and in November 2023, those cases were consolidated upon motion by Defendants. After Defendants filed a consolidated Answer, the Court issued a scheduling order and set discovery and dispositive motion deadlines.

On October 6, 2023, prior to consolidation, Defendants served discovery requests on Plaintiff in Case No. 3:23-cv-00538-AA. Hisel Decl. Ex. 1. To date, Plaintiff has not responded to those requests.

At some point in the fall of 2023, the Oregon Department of Corrections (ODOC) took custody of Plaintiff and he remains incarcerated at an ODOC facility.

On January 31, 2024, Defendants obtained leave to depose Plaintiff. Defendants noticed the deposition for April 3, 2024 and arranged for Plaintiff's deposition over Zoom. Plaintiff subsequently sought the appointment of counsel to represent him during the deposition, and the Court denied Plaintiff's motion.

On April 3, 2024, Plaintiff appeared for his deposition. After answering several preliminary questions, Plaintiff asked if he could postpone the deposition until he was able to retain counsel. Defendant's counsel declined his request, and Plaintiff terminated the deposition by disconnecting the Zoom call. Hisel Decl. Ex. 4 at 21-22.

Defendants now move for dismissal of these consolidated actions based on Plaintiff's failure to respond to Defendants' discovery requests and his failure to participate in a duly

2 -    OPINION AND ORDER

noticed deposition. Plaintiff opposes Defendants' motion and seeks to compel responses to discovery requests allegedly served on Defendants. Plaintiff also moves for leave to depose each Defendant and requests the Court's assistance and the appointment of counsel.

### A.  Motion to Dismiss

Defendants move to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Defendants argue that Plaintiff's failure to respond to their October 6 discovery requests and his termination of the April 3 deposition evince Plaintiff's willful refusal to follow the rules and orders of this Court. In response, Plaintiff maintains that he did not receive the discovery requests and did not terminate the Zoom call; Plaintiff claims that the call was "dropped." Pl.'s Response at 2.

It is unclear whether Plaintiff received Defendants' October 6 discovery requests. Defendants' sent their requests via email to an email address provided by Plaintiff, and it appears that Plaintiff was in ODOC custody as of October 6, 2023. However, even if Plaintiff could not access his email and did not receive the discovery requests, it was his responsibility to update his address at an ODOC facility and ensure that he would receive correspondence from Defendants. Further, based on the evidence presented by Defendants, I am inclined to find that Plaintiff intentionally terminated the Zoom call.

When determining whether to dismiss a case for failure to prosecute, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

3 -    **OPINION AND ORDER**

sanctions." *See In re Phenylpropanolamine (PPA) Prod. Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted); *Southwest Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000).

I find the first two factors to be neutral. Although Plaintiff's actions have caused some delay, these cases have not been pending for an unreasonable amount of time considering Plaintiff's status as an incarcerated and self-represented litigant. Likewise, at this juncture, the cases have not become overly burdensome or required inordinate judicial resources.

The third factor weighs in favor of dismissal. Defendants have expended resources and incurred expenses to arrange and prepare for Plaintiff's deposition, and his willful lack of participation hinders their ability to defend against his claims.

The fourth factor – the public policy favoring disposition of cases on their merits – weighs against dismissal.

The fifth factor also weighs against dismissal. The Ninth Circuit looks to three factors to determine whether a district court properly considered less drastic alternatives: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn plaintiff of the possibility of dismissal before actually ordering dismissal?" *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). Defendants did not move to compel Plaintiff's participation in the discovery process before moving for dismissal, and the Court had not imposed alternative sanctions or warned Plaintiff that these cases would be dismissed if he failed to meet his discovery obligations. While I recognize that Plaintiff's indigent status renders alternative sanctions less

effective for his failure to participate in discovery, the fact remains that Plaintiff has not been warned of the possibility of dismissal.

When considered as a whole, the five factors do not support the drastic sanction of dismissal at this time, and Defendants' motion is denied. With that said, Plaintiff is on notice that any further failure to comply with his discovery obligations will result in the dismissal of these actions, with prejudice.

### B. Plaintiff's Motions

Plaintiff moves to compel Defendants to produce documents and provide answers responsive to discovery requests he allegedly served on September 10, 2023. Plaintiff contends that he wrote to Defendants' counsel on October 13, 2023 and January 13, 2024 and attempted to confer about the discovery requests and that counsel has not responded.

Plaintiffs fails to show that his discovery requests were served on Defendants. Plaintiff provides no evidence to support his assertions, and notably, the discovery requests attached to his motion are dated April 24, 2024 rather than September 10, 2023. Further, many of Plaintiff's discovery requests, particularly his requests for production of documents and responses to interrogatories, are overbroad. Plaintiff's motion to compel is denied.

Next, Plaintiff requests the Court's assistance in locating witnesses and deposing each Defendant. The Court cannot provide legal advice or assist Plaintiff in this manner, and Plaintiff may seek relevant information from Defendants through discovery requests rather than depositions. These motions are denied.

Finally, Plaintiff renews his request for the appointment of volunteer counsel. Plaintiff can articulate his claims and they are not particularly complex, and he fails to show that this is an

5 -    OPINION AND ORDER

exceptional case warranting the appointment of volunteer counsel. The motion is denied, with leave to renew if any of Plaintiff's claims proceed to trial.

<u>**CONCLUSION**</u>

Defendants' Motion to Dismiss (ECF No. 39 in Case No. 3:23-cv-00537-AA) (ECF No. 36 in Case No. 3:23-cv-00538-AA) (ECF No. 24 in Case No. 3:23-cv-01125-AA) (ECF No. 22 in Case No. 3:23-cv-01200-AA) is DENIED with leave to renew if Plaintiff fails to comply with his discovery obligations.

Plaintiff's Motions to Compel, to Assist, for Leave to Depose, and for the Appointment of Counsel (ECF Nos. 43, 44, 45, 46 in Case No. 3:23-cv-00537-AA) (ECF Nos. 40, 41, 42 in Case No. 3:23-cv-00538-AA ) (ECF Nos. 28, 29, 30 in Case No. 3:23-cv-01125-AA) (ECF Nos. 26, 27, 28 in Case No. 3:23-cv-01200-AA) are DENIED.

Plaintiff is HEREBY ORDERED to provide complete responses to Defendants' outstanding discovery requests within thirty days after receipt of this Order. Further, Plaintiff shall attend and fully participate in a duly noticed deposition. Plaintiff is advised that the failure to comply with this Order will result in the dismissal of these consolidated proceedings, with prejudice.

Discovery shall be completed and dispositive motions shall be filed within sixty days from the date of this Order.

IT IS SO ORDERED.

DATED this <u>11th</u> day of July, 2024.


_____/s/Ann Aiken_____
ANN AIKEN
United States District Judge



6 -    **OPINION AND ORDER**